**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CALVIN EUGENE BARNETT,

        Petitioner - Appellant,

v.

THE OKLAHOMA LEGISLATURE;
TERRY JENKS, Executive Director of
Pardon and Parole; J. D. DANIELS,
Deputy Director of Pardon and Parole;
SUSAN BUSSEY; NADINE
MCPHERSON; RUDY SMITH; M.
BRADLEY LITTLE; RAY H. PAGE;
STEPHANIE CHAPPELLE;
PATRICK MORGAN; CURRIE
BALLARD; FLINT BRECKINRIDGE,
Board Members; FRANK KEATING,
Governor of the State of Oklahoma;
DREW EDMONDSON, Attorney
General of the State of Oklahoma;
OKLAHOMA SUPREME COURT,
Chief Justice; OKLAHOMA COURT
OF CRIMINAL APPEALS, Presiding
Judge of its Successor; SANDY
HOWARD; CHARLES RAY, Warden
of Davis Correctional Facility, a
Private Corporation of CCA; JAMES
L. SAFFLE, Director of Oklahoma
Department of Corrections; JIM
RABON, Administrator for Sentencing
Administration,

        Respondents-Appellees.

No. 02-6159
(W.D. Oklahoma)
(D.C. No. 02-CV-445-A)

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2)(c). The case is therefore ordered submitted without oral argument.

Calvin Barnett, a state prisoner proceeding pro se, appeals the dismissal without prejudice of his "Petition in Error." Mr. Barnett also seeks to proceed in forma pauperis. The magistrate judge determined it was without subject matter jurisdiction to adjudge Mr. Barnett's petition and recommended dismissal without prejudice. The district court adopted the magistrate judge's report and recommendation.

After the Oklahoma Court of Criminal Appeals affirmed Mr. Barnett's conviction, Mr. Barnett sought state postconviction relief. His action in Oklahoma district court was unsuccessful, and Mr. Barnett sought a writ of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

mandamus from the OCCA. Mr. Barnett argued to the OCCA that the Oklahoma district court did not timely send him a copy of the order denying postconviction relief, thus barring him from appealing the denial to the OCCA. The OCCA concluded that Mr. Barnett should seek relief before the Oklahoma district court before requesting relief from the OCCA. In Mr. Barnett's "Petition in Error," he challenges the OCCA's Order Denying Extraordinary Relief.

In his appeal, Mr. Barnett also raises various challenges regarding the retroactivity of amendments to Oklahoma's parole statutes. Although Mr. Barnett might properly bring an action involving these challenges pursuant to 28 U.S.C. § 2241, he has not done so here. The magistrate judge was correct when he concluded the federal district court lacked jurisdiction over Mr. Barnett's challenge to a state court proceeding.

Accordingly, we AFFIRM the dismissal without prejudice of Mr. Barnett's petition and DENY Mr. Barnett's motion to proceed in forma pauperis. We note that the district court and our court have docketed this matter as a petition brought pursuant to 28 U.S.C. § 2254, and we direct that the docket shall be amended to reflect Mr. Barnett was merely proceeding before the improper court in this matter. Should Mr. Barnett file a timely § 2254 motion regarding this conviction,

it should not be treated as a second or successive petition based on the proceedings in this case.

Entered for the Court,

Robert H. Henry
Circuit Judge